Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John A. Nordberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 6499 | **DATE** | 12/26/2001 |
| **CASE TITLE** | Ibrahim Oyesile vs. United States of America | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum Opinion and Order. Defendants' motion to dismiss is granted. (8-1)

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 0 8 2002 | |
| | Notified counsel by telephone. | date docketed | 12 |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| TP | courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IBRAHIM OYESILE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 00 C 6499 |
| v. ) | |
| ) | HONORABLE JOHN A. NORDBERG |
| UNITED STATES OF AMERICA, et al, ) | |
| ) | |
| Defendants. ) | |

DOCKETED
JAN 0 8 2002

## MEMORANDUM OPINION AND ORDER

Plaintiff Ibrahim Oyesile brought this action against Defendant United States of America and Defendants John Jimenez, Joseph Cleary, and Thomas Wilson, all FBI Agents and all sued in their individual capacities. Before the court is Defendants' Motion to Dismiss.

## BACKGROUND

The rather limited alleged facts are taken from the Plaintiff's complaint. Plaintiff was the owner of $9000 in U.S. Currency, a gold bracelet, a gold bracelet with diamonds, two gold chains, three pendants, and four watches (two Raymond Wells, one Rado, and one Movada). On January 14, 1998, the agents entered his home, without a warrant, arrested him and seized the listed property. Plaintiff was charged with a violation of 21 U.S.C. ¶ 846, and held in custody from January 14, 1998 until the government dismissed the charges on January 16, 1998. While in custody, he filed a motion seeking the return of his property, which Judge Gettleman denied without prejudice. After his release, he filed another such motion, which Judge Gettleman denied based on the government's representation that it intended to file a forfeiture action. On July 22, 1999, Plaintiff filed an administrative claim with the FBI, seeking the return of his

property and compensation for "the emotional injury and physical loss of his property." (*See* Complaint, Exhibits.) After six months of silence, the government rejected the claim.[1] Plaintiff filed another motion for return of the property before Judge Gettleman.[2] On August 21, 2000, the government "responded" to this motion by filing a forfeiture action against the $9000 of currency. (Case # 00cv5121 before Judge Conlon.)

Shortly thereafter, Plaintiff filed a two-count complaint in this court against the Defendants. Count I is directed against the government, pursuant to the Federal Tort Claims Act ("FTCA"), and seeks the return of the $9000 in currency and his various other property (or compensation it), which Plaintiff claims was wrongfully seized and retained by the government. Count II is directed against the agents, styled as a *Bivens* action, and seeks compensatory and punitive damages for malicious prosecution and false imprisonment. Plaintiff maintains that he was arrested without a warrant, charged, and jailed for two days based upon the agents' false statements regarding his involvement in drug trafficking. (Complaint at ¶¶ 8-12.) On March 12, 2001, Judge Conlon entered an order of forfeiture in case #00cv5121, finding that there was probable cause that the $9000 in currency was traceable to drug trafficking. According to the docket, no appeal was taken from this decision.

Currently before the court is Defendants' motion to dismiss on the grounds that the court cannot hear the FTCA claim due to Plaintiff's failure to exhaust administrative remedies, and

---

[1] This delay is potentially critical, as the two-year limitations period for filing a claim elapsed during the period.

[2] We note that Plaintiff's frustration appears justified, as he has presented transcripts in which the Assistant U.S. Attorney repeatedly states that Plaintiff's property will be returned to him. However, it is not clear whether the government actually has the noncash property, as Plaintiff acknowledges that Defendants denied that they ever seized it.

that the *Bivens* claims are barred by collateral estoppel as a consequence of Judge Conlon's ruling. As to the former, the government maintains that Plaintiff's failure to provide a "sum certain" in his administrative claim was a fatal defect. As to the latter, the government asserts that the legality of the search and arrest were presented to Judge Conlon, and her ruling necessarily reflects the conclusion that both passed muster.

## LEGAL STANDARDS

### Motion to Dismiss

Evaluating the legal sufficiency of a plaintiff's factual allegations requires the courts to adhere to a strict standard. A court may grant a motion to dismiss only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Cushing v. City of Chicago*, 3 F.3d 1156, 1159 (7th Cir.1993)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). When considering a Rule 12(b)(6) motion, the court must accept as true all well-pleaded factual allegations in the complaint and view them, along with the reasonable inferences to be drawn from them, in the light most favorable to the plaintiff. *Cornfield v. Consolidated High School District No. 230*, 991 F.2d 1316, 1324 (7th Cir.1993). However, the court need not accept as true conclusory legal allegations. *Baxter v. Vigo County School Corp.*, 26 F.3d 728, 730 (7th Cir.1994). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely, but that is not the test." *Pickrel v. City of Springfield*, 45 F.3d 1115, 1118 (7th Cir. 1995) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). All that F.R.C.P. Rule 8 requires to state a claim in federal court "is a short statement, in plain (that is, ordinary, nonlegalistic) English, of the

legal claim." *Kirksey v. R.J. Reynolds Tobacco Company*, 168 F.3d 1039, 1041 (7th Cir. 1999) "Complaints need not plead law or match facts to every element of a legal theory...." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

## Collateral Estoppel

Under the doctrine of collateral estoppel, or issue preclusion, "'once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based upon a different cause of action involving a party to the prior litigation.'" *Adair v. Sherman*, 230 F.3d 890, 893 (7th Cir. 2000)(internal cite omitted). There are four requirements for invoking collateral estoppel: (1) the issue to be precluded must be the same as the issue in the prior litigation; (2) the issue must have been actually litigated in the prior action; (3) the determination of the issue must have been essential to the prior judgment; and (4) the party against whom estoppel is invoked was represented by counsel in the prior litigation. *Id.* Collateral estoppel is an affirmative defense, so the burden in establishing it rests on the party invoking it. *Id.* at 894.

## Federal Tort Claims Act - Exhaustion of Administrative Remedies

"No one may file suit under the Federal Tort Claims Act without first making an administrative claim...," and the claim must be filed with the appropriate agency within two years of the date that the claim accrued *Kanar v. United States*, 118 F.3d 527, 528 (7th Cir. 1997). The purpose of this requirement is to make certain the claimant exhausts his administrative remedies before filing suit. *Murrey v. United States*, 73 F.3d 1448, 1451-2 (7th Cir. 1996). If the administrative tort claim filed with the agency is deemed inadequate, the court is divested of jurisdiction over the action. *Id.* at 1451.

4

A "claim" has been defined[3] by the Department of Justice as follows:

> ...a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative.

28 CFR § 14.2(a). Under the regulation, a claim has four components: (1) notification of an incident; (2) a request for a sum certain; (3) the title/capacity of the person signing; and (4) evidence of the signer's authority as a representative. *Kanar*, 118 F.3d at 528. Failure to strictly comply with these requirements will not foreclose litigation, unless the failure hinders the settlement process. *Id.* at 530-1.

## DISCUSSION

We begin our discussion with one observation. Plaintiff's claim for the return of his $9000 is absolutely foreclosed, at least in this court, by Judge Conlon's forfeiture decree. With that, we proceed to the two issues raised in the motion: (1) whether the Plaintiff's FTCA claim is foreclosed by his failure to submit an adequate administrative claim; and (2) whether the *Bivens* action against the agents is foreclosed by collateral estoppel.

### FTCA Claim

The government maintains that the court has no jurisdiction over the FTCA claim because the Plaintiff failed to exhaust his administrative remedies due to his failure to file a legally adequate claim. The government argues that Plaintiff's administrative claim was

---

[3] There is no statutory definition. *See Kanar*, 118 F.3d at 528.

5

inadequate as a matter of law because it failed to specify a "sum certain," as required by 28 CFR § 14.2(a). Plaintiff maintains that a valid claim need not comply with every technical requirement §14.2(a). Moreover, Plaintiff argues that the government should not be permitted to claim that the filing was inadequate now, as the government made no such assertion during the processing period, but instead merely let the statute of limitations for filing a new claim expire. Our decision will rest on a determination of exactly how much the Seventh Circuit's *Kanar* decision limits or invalidates prior precedent.

Prior to *Kanar*, this issue would be cut and dried. A claim was defined by the requirements of 28 USC §14.2(a), and such a conforming claim had to be filed as a prerequisite to any suit. *Best Bearing Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972). Moreover, the Seventh Circuit had specifically held that presentation of a "sum certain" was essential to a valid claim. *Erxleben v. United States*, 668 F.2d 268, 271-2 (7th Cir. 1981). The court concluded that the presentation of a sum certain was essential for facilitating settlement and to setting limits on recoveries in future actions. *Id.* at 271. The court emphasized that the utter failure to include any dollar amount in the claim necessarily defeated the purpose of the provision. *Id.* at 272. In addition, a more recent case noted the strictness of Standard Form 95, and concluded a claim must include a detailed statement of facts and a "demand for money." *Murrey*, 73 F.3d at 1452.

However, even some early cases have noted that affirmative duties are placed on the government. For example, if a federal agency fails to timely transfer or return a misfiled claim, pursuant to 28 CFR §14.2(b), and the statute of limitations runs during the delay, the claim may be deemed timely presented to the proper agency. *Bukala v. United States*, 854 F.2d 201, 204 (7th

6

Cir. 1988). The *Bukala* court also noted that the purpose of the claim procedure was "to provide for 'more fair and equitable treatment of private individuals and claimants when they deal with the Government or are involved in litigation with their Government.'" 854 F.2d at 203 (internal cite omitted). Even *Erxleben* court noted the provision's equitable intent. The "statute is 'intended to provide a framework conducive to the administrative settlement of claims, not to provide a basis for a regulatory checklist which, when not fully observed, permits the termination of claims regardless of their merits.'" 668 F.2d at 273 (internal cite omitted).

The *Kanar* decision narrowed some of these precedents: "To the extent *Best Bearings* and *Erxleben* use a jurisdictional analogy to conclude that nothing short of a 'claim' as defined in § 14.2(a) ever suffices, they have been overtaken by *Irwin*–although their principal conclusion that § 14.2(a) defines a 'claim' remains good law." 118 F.3d at 531. So, at present, §14.2(a) defines a claim, but harmless failures to comply with its requirements are not fatal. In *Kanar*, the plaintiff failed to meet criteria #4 of §14.2(a), presentation of evidence that his attorney had authority to represent him. The court noted the government could have presumed that the plaintiff's attorney had the requisite authority and proceeded to deal with the claim. *Id.* However, the agency instead asked the plaintiff to submit the necessary materials, he steadfastly refused, and the agency closed the file. *Id.* The Seventh Circuit concluded that the agency's action was reasonable, and that the plaintiff's failure to comply with the agency's request completely subverted the settlement process. *Id.* As such, plaintiff's failure to comply with criteria #4 was not harmless, and the case was properly dismissed. *Id.*

There is a paucity of subsequent case law addressing the sum certain requirement.[4] Our research has located one district court case that concluded that the failure to include a demand for a sum certain was fatal to an administrative claim. *Laughlin v. Commissioner of Patents & Trademarks*, No. 98cv0535, 1999 WL 203286, at *3 (N.D. Ill. March 31, 1999).

Plaintiff notes there is some dicta in *Kanar* questioning whether requiring a sum certain is at odds with the statutory exceptions for newly discovered evidence and intervening facts. 118 F.3d at 529.[5] However, this discussion is in the context of a critique of other circuits that do not accept that 28 CFR §14.2(a) provides the operative definition of a "claim." *See Id.* Moreover, the two exceptions that the court refers to are directed to the amount that can be sought in a federal court action at the conclusion of any agency proceeding. *See* 28 U.S.C. § 2675(b). This reference does not appear to foreclose a requirement that a claimant at least attach an initial, "ballpark" amount to his claim, particularly given that the claim can be amended before the agency any time prior to decision. *See* 28 CFR § 14.2(c). Plaintiff also notes that the government failed to notify the Plaintiff that they deemed his claim defective. It was the plaintiff's failure to correct his claim after numerous such notifications that the *Kanar* court deemed decisive in ascertaining whether the settlement process was scuttled. We note Plaintiff

---

[4] A recent unpublished Seventh Circuit decision holds that the failure specify a sum certain renders an administrative claim defective. *Ward v. United States*, No. 00-2706, 2001 WL 30500 (7th Cir. Jan. 4, 2001)(unpublished). While the case does reference *Kanar* and deal with the same issue as the instant case, the fact remains that unpublished decisions of our appellate court have no precedential value.

[5] "Action under this section shall not be instituted for any sum in excess of the amount of the claim presented to the federal agency, except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency , or upon allegation and proof of intervening facts, relating to the amount of the claim." 28 U.S.C. § 2675(b).

8

has presented no cases indicating an affirmative duty on the part of the government to provide such warning notifications. There may be sound reasons for implying such a duty as a part of the good faith settlement process. On the other hand, an overburdened agency may have difficulties enough reviewing the claim at all within the six-month deadline.

While the case is a close one, we must conclude that the administrative claim was defective. The claim includes a laundry list of property, most of which is described in general terms, such as "gold bracelet" and "pendants." (Claim at 2) A reader is left to idly speculate as to their value. Moreover, Plaintiff asks for compensation for his "emotional injury and physical loss" sustained as a result of the loss of the property. (Claim at 2-3.) There is no basis for even guessing what compensation the Plaintiff seeks for this portion of the claim.

The Plaintiff, represented by counsel, filed his claim, knowing full well the value of his property. Indeed, he has attached some receipts to his complaint. Further, he and his counsel undoubtedly had a dollar figure in mind for his emotional/physical distress claim. Yet despite this knowledge, Plaintiff failed to even allude to a dollar figure in his claim. It is impossible to make a settlement offer if you have no idea what a claimant seeks. Therefore, Plaintiff's failure to include a sum certain undermined the settlement process.

**Bivens Claims**

The government maintains that *Bivens* action against the agents is barred by collateral estoppel. The government asserts that the validity of the search and arrest was argued before Judge Conlon in the forfeiture action, and her ruling necessarily concluded that both were valid. Plaintiff responds to the government's argument in half a page and largely concedes it. Nonetheless, the Plaintiff maintains that Judge Conlon's decision did not address the propriety of

9

the seizure of the noncash property, and that "a *Bivens* action lies in the totally unjustified seizure and holding of the plaintiff's jewelry and watches." (Plaintiff's Response at 3.)

We note that the standards for collateral estoppel are met. First, Plaintiff does not contest that the issue of the propriety of the search and arrest is the same in both cases. Second, Plaintiff does not contest that the issue of the propriety of the search and arrest was actually litigated, being fully presented to Judge Conlon in a motion for summary judgment. Third, Plaintiff does not appear to contest that resolving the issue was essential to Judge Conlon's final ruling. This is not surprising, as a challenge to a forfeiture can take the form of a motion to suppress. *See generally U.S. v. $32,400.00 in U.S. Currency*, 82 F.3d 135 (7th Cir. 1996). Fourth, Plaintiff does not dispute (and the docket confirms) that Plaintiff was represented before Judge Conlon by the same counsel representing him in this court.

Judge Conlon concluded that the search and arrest was pursuant to a warrant (by necessary implication a valid one). *See* Conlon Opinion at 1-2. As Plaintiff's *Bivens* claim is based on the allegations that the agents searched his home and arrested him without a warrant, and lacked any basis for doing so, his claim is foreclosed.

Plaintiff's response, that the agents are still on the hook for seizing and retaining his noncash property, is essentially a nonsequitor. First, it has nothing to do with the claims raised against the agents in his complaint, which are in the nature of wrongful imprisonment and malicious prosecution. Plaintiff may not amend his complaint in his response to a motion to dismiss. Second, to the extent he asserts that he can seek relief for the agents "holding" his property, he is exceeding *Bivens* and pursuing the wrong "defendant." *Bivens* actions are to obtain money damages for constitutional deprivations. *See generally Sterling v. United States,*

10

85 F.3d 1225, 1227-8 (7th Cir. 1996). Further, the individual agents do not have custody of his property, and they are not the ones to grant or deny its return. The only proper defendant for such a claim is the government, as Plaintiff presented in Count I. The *Bivens* claim is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED.

**ENTER:**

JOHN A. NORDBERG
Senior United States District Judge

DATED: December 26, 2001